**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 1:23-CV-24251-MORENO**

**WILLIAM O. FULLER, et al.,**
    **Plaintiffs,**

**vs.**

**THE CITY OF MIAMI, et al.,**
    **Defendants.**
_____/

**DEFENDANT WILLIAM ORTIZ'S MOTION TO DISMISS FIRST
AMENDED COMPLAINT WITH PREJUDICE; MOTION TO STRIKE
FIRST AMENDED COMPLAINT; INCORPORATED MOTION TO
ADOPT AND JOIN IN IDENTIFIED PORTIONS OF MOTIONS TO
DISMISS FILED BY CODEFENDANTS; REQUEST FOR HEARING;
INCORPORATED MEMORANDUM OF LAW**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), defendant

William Ortiz ("Ortiz") seeks dismissal of the First Amended

Complaint ("FAC") (DE77) in full. The FAC, just like the initial

Complaint (DE1) must be dismissed because it fails to state legally

cognizable First Amendment retaliation (Counts II, IX (mistakenly

identified as Count VII), X, XI, XV, and XVI) and civil conspiracy

(Count XVII) claims against Mr. Ortiz, who at all times was acting as

a City employee, according to the FAC, but is instead sued in his

individual capacity.

As presented in this motion, Mr. Ortiz is entitled to qualified

immunity as a City of Miami employee, among other applicable defenses. Although the FAC asserts that Mr. Ortiz and the other defendants are sued in "their individual capacities" (DE77:3, 5 ¶25), the entirety of the conduct alleged in the FAC is limited to what occurred in the course of his employment with the City of Miami. The FAC describes Mr. Ortiz as a "key staffer of Joe Carollo" (DE77:5 ¶24) but does not assert that Mr. Ortiz is an official decision maker in or responsible for any conduct described in the FAC that caused alleged harm to the Plaintiffs.

The court should dismiss the FAC against Mr. Ortiz with prejudice in this second attempt to state claims inasmuch as repleading will not address the fundamental pleading deficiencies.

Mr. Ortiz also seeks authorization to adopt applicable portions of the dismissal motions filed by his codefendants as identified in this motion and requests a hearing on this dismissal motion.

Finally, because of the scandalous, impertinent, and irrelevant allegations contained in the FAC, Mr. Ortiz asks the Court to strike the offending accusations, adopting the comprehensive arguments presented by the codefendants.

## I.    INCORPORATION OF CODEFENDANTS' MOTIONS TO DISMISS.

Mr. Ortiz asks to adopt the positions of his codefendants that are equally applicable to his defenses to the FAC. He also asks to adopt the arguments supporting the striking of the impertinent and scandalously irrelevant allegations in the FAC. Adoption of the codefendants' positions is intended to promote judicial efficiency by avoiding duplicative factual information and legal arguments that are fairly presented in other dismissal motions. Mr. Ortiz, as a City of Miami employee, is equally situated for purposes of adoption of the relevant arguments.

Among the arguments expressly adopted by Mr. Ortiz and incorporated into this dismissal motion are the following:

- The FAC is an improper "shotgun" pleading even after the Plaintiffs were given leave to amend.

- The FAC is defective for its lack of specificity and lumping together the defendants and the allegations.

- Plaintiffs' claims are barred by the claims-splitting doctrine.

- All claims are barred by the statute of limitations.

- The FAC does not establish Article III standing for the Plaintiffs.

- The FAC does not state a claim for First Amendment retaliation because each Plaintiff failed to allege that he or it individually engaged in protected speech.

- Plaintiffs improperly seek to obtain an unlawful double recovery for the same alleged injuries.

- The FAC does not state a claim for conspiracy because the allegations are contrary to the intra-corporate conspiracy doctrine.

- The FAC does not include required allegations of an official decision-maker for the conduct about which Plaintiffs complain.

- The FAC does not plead the requisite element of causation.

- Plaintiffs' claims are barred by the doctrine of *res judicata*.

- Mr. Ortiz, as are all the defendants, is entitled to qualified immunity.

- Because the FAC alleges that the City's enforcement actions were justified, Plaintiffs have no valid § 1983 claims.

## II.    REQUEST FOR HEARING.

Mr. Ortiz seeks a hearing pursuant to Local Rule 7.1(b)(2) for no more than two (2) hours. For the reasons set out in this motion and the companion motions to dismiss filed by the codefendants, a hearing will allow the parties to present and discuss the application of the qualified immunity that bars this litigation, and address the court's questions concerning the other significant grounds for dismissal. The necessity of Mr. Ortiz and his City of Miami co-employees to obtain a full resolution of the immunity defenses prior to having to participate in extensive and intrusive litigation is of the utmost importance. The Court can seek input from the parties as to the legal issues raised by the pleadings.

## III.   INTRODUCTION.

As stated in the FAC at ¶25, Mr. Ortiz "is and at all relevant times was" a City of Miami employee described as a "key staffer" and/or the "Chief of Staff" to City of Miami Commissioner Joe Carollo. FAC ¶¶25, 144, 507. The sixteen (16) numbered paragraphs in the 617-paragraph FAC that name Mr. Ortiz reference only conduct engaged in as a City of Miami employee working for his

superior, Commissioner Joe Carollo.[1]

## IV.   LEGAL STANDARD TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM.

Rule 12(b)(6) allows dismissal for "failure to state a claim upon which relief can be granted." While the court must "accept[] the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff[,]" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288 (11th Cir. 2010) (internal quotation marks omitted), "courts may infer from the factual allegations in the complaint obvious alternative explanations, which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Id.* at 1290 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal, id.* at 1949. A plausible entitlement to relief exists "when the allegations in the complaint traverse the thresholds separating the 'conclusory' from the 'factual' and the 'factually neutral' from the 'factually suggestive.'" *Barton v.*

---

[1] Other than his inclusion in the case style and the titles to the seven Counts naming him as a defendant, Mr. Ortiz is identified in the FAC only at ¶¶25, 144, 146, 153, 278, 485, 486, 507, 508, 517, 543, 551, 561, 570, 643, and 654.

*Florida*, 2007 WL 1724943, 2007 U.S. Dist. Lexis 100486 (N.D. Fla. 2007)).

The court need not accept unsupported conclusions of law or of mixed law and fact. *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001). "On a motion to dismiss, '[c]onclusory allegations and unwarranted deductions of fact are not admitted as true," particularly "when the conclusory allegations contradict the other facts alleged in the complaint." *See Berry v. Coleman*, 172 Fed. App'x 929 (11th Cir. 2006); *see also Battle v. Cent. State Hosp.*, 898 F.2d 126, 130 n.3 (11th Cir. 1990) ("allegations that are contradicted by other allegations in the complaint may also constitute grounds for dismissal"). The Court is not required to ignore factual details of the pleading in favor of general or conclusory assertions. *See Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205-06 (11th Cir. 2007).

A district court may take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment. *See Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999). "Public records are among the permissible facts that a district court may consider." *Universal Express, Inc. v. U.S. S.E.C.*, 177 Fed. App'x 52, 53 (11th Cir. 2006).

## V.   GROUNDS FOR DISMISSAL

### A.   Mr. Ortiz, as a City of Miami Municipal Employee, Is Entitled to Qualified Immunity for Actions Taken Solely in his Capacity as a Municipal Employee.[2]

The doctrine of qualified immunity compels dismissal of the FAC with prejudice as to Mr. Ortiz, who is alleged in the FAC to be "at all times" a City of Miami employee acting in accordance with his City of Miami functions. "The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Stanton v. Sims*, 571 U.S. 3, 5-6, 134 S. Ct. 3, 4-5 (2013) (quoting *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S. Ct. 808, 815 (2009)). Qualified immunity is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." *Scott v. Harris*, 550 U.S. 372, 376, 127 S. Ct. 1769, 1773-74 (2007). This immunity recognizes the "strong public interest in protecting public officials from the costs associated with the defense of damages

---

[2] Mr. Ortiz adopts and incorporates the qualified immunity arguments presented in his codefendants' dismissal motions.

actions." *Crawford-El v. Britton*, 523 U.S. 574, 590, 118 S. Ct. 1584, 1592-93 (1998). These costs, as explained in *Harlow v. Fitzgerald*, 457 U.S. 800, 814, 102 S. Ct. 2727, 2736 (1982), can be insurmountable, implicating life and career consequences. *See Gregoire v. Biddle*, 177 F.2d 579, 581 (2d Cir. 1949), *cert. denied*, 339 U.S. 949, 70 S. Ct. 803 (1950).

Qualified immunity "is intended to 'allow government officials to carry out their discretionary duties without the fear of personal liability or harassing litigation, protecting from suit all but the plainly incompetent or one who is knowingly violating the federal law.'" *Brown v. City of Huntsville*, 608 F.3d 724, 733 (11th Cir. 2010) (quoting *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002)); *Grider v. City of Auburn, Ala.*, 618 F.3d 1240, 1254 (11th Cir. 2010). Qualified immunity attaches for conduct that is within the scope of the government representative's authority. *Kingsland v. City of Miami*, 382 F. 3d 1220, 1232 (11th Cir. 2004).

Based on an objective appraisal of the FAC, Mr. Ortiz functioned in his role only as a City of Miami employee working for Commissioner Carollo. He took direction from and functioned as a mere subordinate to his superior, all of which was alleged to be within

his assignments as a City employee. He had no decision-making authority. He was not on notice that his conduct would or did violate a "clearly established" right. According to the FAC, Mr. Ortiz only followed the instructions of his employer in the course of performing his City-assigned duties.

On this FAC, Mr. Ortiz's discretionary actions as a City of Miami employee are entirely consonant with his employment role as a municipal representative fulfilling the directions of his superior. The conduct alleged to be attributable to Mr. Ortiz is within the allowable authority of a City employee and does not represent the exercise of any decision-making authority.

The harm to all municipal employees, and to the municipalities themselves, that would result from forcing mere employees to defend their actions is incalculable and would shut down municipal governments. That is precisely the reason qualified immunity deters lawsuits against individual employees acting in the course and scope of their municipal employment.

Above all, when considered in the Plaintiffs' most favorable light, employees are not liable as aiders and abettors merely because they had some role, or knowledge, or involvement. Rather, the degree of

involvement, knowledge, and culpability required as a basis for liability is a heightened one. *Failla v. City of Passaic*, 146 F.3d 149, 159 (3d Cir. 1998). Only employees who meet this heightened standard are culpable as aiders and abettors. The FAC makes no adequate allegations to satisfy the claims against Mr. Ortiz.

The FAC should be dismissed as to Mr. Ortiz.

### B.    Mr. Ortiz Was Not an Official City Decision-Maker.[3]

In the absence of Mr. Ortiz's status as a decision-maker, an allegation completely omitted from and inconsistent with the FAC (*see* ¶184 alleging "three individuals" with "final policymaking authority" that do not include Mr. Ortiz), he cannot be held liable on the First Amendment retaliation or the Civil Conspiracy counts. "[F]or individual liability to attach under § 1983, the actor must usually have the power to make official decisions." *Betancourt v. Florida Dep't of Corr.*, 2023 WL 7548194, at *2 (N.D. Fla. 2023) (citing *Quinn v. Monroe Cnty.*, 330 F.3d 1320, 1326 (11th Cir. 2003)). A failure to plead that a defendant is a decision maker and from where that authority stems is fatal, rendering a complaint subject to dismissal.

---

[3] Mr. Ortiz adopts and incorporates this argument presented in his codefendants' dismissal motions.

*See Barteet v. Eismann*, 2013 WL 5236640, at *3 (S.D. Fla. 2013) (dismissing § 1983 action and instructing plaintiff to allege that the defendants are "official decision makers" and to "identify from where this authority stems") (cleaned up).

As a city employee serving as a staff member to a City Commissioner, Mr. Ortiz had no decision-making authority and is not alleged to have possessed such power. Accordingly, dismissal is required.

### C. The FAC Does Not Plead the Required Element of Causation.[4]

First Amendment retaliation requires that the plaintiff plead and prove the required element of causation. "[A] plaintiff must show that (1) he engaged in protected speech; (2) the defendant's conduct adversely affected his protected speech; and (3) a causal connection exists between the adverse conduct and the protected speech." *Watkins v. Bigwood*, 2023 WL 3711827, at *4 (11th Cir. 2023). The causation element for Mr. Ortiz is not present here, since the harm identified by the Plaintiffs is not attributable to Mr. Ortiz, who is not alleged to have harbored any retaliatory animus or to have made any

---

[4] Mr. Ortiz adopts and incorporates this argument in his codefendants' motions.

decisions that impacted the Plaintiffs. As the FAC repeatedly reiterates, Mr. Ortiz merely followed the instructions of his superior in the course of fulfilling his duties and responsibilities as a City employee.

### D.   The FAC Is an Impermissible Shotgun Pleading.[5]

The FAC is an impermissible shotgun pleading that is, once again, subject to dismissal. A shotgun pleading fails to satisfy the Rule 8(a)(2) requirement of a "short and plain statement of the claim" inasmuch as a shotgun complaint is never plain since "it is impossible to comprehend which specific factual allegations the plaintiff intends to support which of his causes of action, or how they do so." *Johnson v. Israel*, 576 F. Supp. 3d 1231, 1241 (S.D. Fla. 2021). The Eleventh Circuit identified four classes of shotgun pleadings. These consist of pleadings that:

> (1) contain multiple counts where each adopts the allegations of all preceding counts; (2) are filled with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) do not separate each cause of action or claim into separate counts; or (4) assert multiple claims against multiple defendants but do not specify which defendant is responsible for which acts or omissions.

---

[5] Mr. Ortiz adopts and incorporates this argument in his codefendants' motions.

*Brown v. Air Line Pilots Ass'n*, 813 F. App'x 353, 355 (11th Cir. 2020) (cleaned up). "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015).

The FAC here continues to fail all four shotgun factors and does not put Mr. Ortiz on notice of what is alleged against him, preventing his development of a reasonable defense. Accordingly, dismissal is required.

### E.    Count XVII Is Barred by the Intracorporate Conspiracy Doctrine.[6]

Count XVII is barred by the intracorporate conspiracy doctrine applicable to public entities and their employees.

### F.    The § 1983 Claim Is Invalid Because the FAC Alleges that the City's Enforcement Actions Were Justified.[7]

Because the FAC alleges that the City's enforcement actions were justified, the § 1983 claim cannot stand.

---

[6] Mr. Ortiz adopts and incorporates this argument in his codefendants' motions.
[7] Mr. Ortiz adopts and incorporates this argument in his codefendants' motions.

**G.    The FAC Is Barred by the Statute of Limitations.[8]**

To the extent Plaintiffs seek to impose liability on Mr. Ortiz based on acts that occurred beyond the four-year limitations period applicable to § 1983 claims (whether individually or via a theory of conspiracy liability purportedly asserted in Count XVII), the lawsuit is barred as untimely.

**H.    The FAC Fails to State a Claim for First Amendment Retaliation.[9]**

The FAC does not adequately allege a claim for First Amendment retaliation.

**I.    The FAC Fails to State a Claim for Civil Conspiracy.[10]**

The FAC does not adequately allege a claim for Civil Conspiracy in Count XVII. At a minimum, with neither a starting or ending date, the conspiracy allegations are deficient.

**J.    The Doctrine of Legislative Immunity Prohibits Any Claim Arising from Conduct Concerning Commissioner Carollo's Legislative Obligations.[11]**

Because the FAC is based in substantial part on actions allegedly taken by City of Miami Commissioner Carollo in his

---

[8] Mr. Ortiz adopts and incorporates this argument in his codefendants' motions.
[9] Mr. Ortiz adopts and incorporates this argument in his codefendants' motions.
[10] Mr. Ortiz adopts and incorporates this argument in his codefendants' motions.
[11] Mr. Ortiz adopts and incorporates this argument in his codefendants' motions.

legislative capacity (e.g., FAC ¶¶51, 53, 54-66, 70, 85-86, 103-104, 121, 166-167), Mr. Ortiz is immune from liability by application of the legislative immunity doctrine based on his public service responsibilities facilitating Commissioner Carollo's legislative duties.

**K.   The Entity Plaintiffs Lack Standing to Bring these Claims.[12]**

Because the entity plaintiffs purportedly assigned their claims to Fuller and Pinilla or did not exist as entities at the times of the alleged conduct identified in the FAC, they lack standing to sue.

**L.   Plaintiffs' Claims Are Barred as an Impermissible Attempt to Obtain Double Recovery for the Same Alleged Injuries.[13]**

Plaintiffs are seeking a double recovery for the same damages alleged against Commissioner Carollo in *Fuller v. Carollo*, U.S.D.C. Case No. 1:18-CV-24190-Smith (S.D. Fla.). Such double recovery is not allowed.

**M.   The Doctrine of *Res Judicata* Bars the Plaintiffs from Bringing this Action that Could and Should Have Been Brought During the Earlier Litigation.[14]**

The FAC alleges and relies on the same basic conduct that is

---

[12] Mr. Ortiz adopts and incorporates this argument in his codefendants' motions.
[13] Mr. Ortiz adopts and incorporates this argument in his codefendants' motions.
[14] Mr. Ortiz adopts and incorporates this argument in his codefendants' motions.

the subject of *Fuller v. Carollo*, U.S.D.C. Case No. 1:18-Cv-24190-Smith (S.D. Fla.). Because Plaintiffs could have brought and were required to bring these claims at the same time in that litigation, the doctrine of *res judicata* bars this action against Mr. Ortiz.

### N.   The FAC Should Be Dismissed for Improper Claim Splitting.[15]

The FAC should be dismissed for improper claim splitting.

### VI.   PLAINTIFFS' DEMANDS FOR PUNITIVE DAMAGES SHOULD BE STRICKEN AS TO MR. ORTIZ.

Although the FAC asserts that Mr. Ortiz is being sued in his individual capacity, all allegations involving him arise from his official municipal position. Therefore, because the FAC does not contain record evidence to support a demand for punitive damages against Mr. Ortiz in an individual capacity, the punitive damages asserted at FAC page 3, ¶¶280, 512, 546, 574, 620, 640, and 671 should be stricken. *See generally Marcus v. Carrasquillo*, 782 F. Supp. 593, 600, 601 (M.D. Fla. 1992) ("Unless and until record evidence supports that there is a basis for recovery of punitive damages, the demand is premature."). *But see Johnson v. Israel*, 576 F. Supp. 3d at 1267 ("So,

---

[15] Mr. Ortiz adopts and incorporates this argument in his codefendants' motions.

while Johnson's punitive damages claim against the City (or against the Defendants in their official capacities) must be STRICKEN, the Defendants have provided no basis to disturb Johnson's claim for punitive damages against the Deputies in their individual capacities.").

## VII. CONCLUSION.

William Ortiz is entitled to a dismissal with prejudice of all Counts against him. He is also entitled to an award of attorney's fees and costs pursuant to 42 U.S.C. §1988(b), and such other relief consistent with the interests of justice.

Respectfully submitted,

**KUEHNE DAVIS LAW, P.A.**
100 SE 2 Street, Suite 3105
Miami, FL 33131
Tel: 305.789.5989
Ben.Kuehne@KuehneLaw.com
IAedo@KuehneLaw.com
Efiling@KuehneLaw.com

By:   *S/ Benedict P. Kuehne*
      **BENEDICT P. KUEHNE**
      Florida Bar No. 233293

## CERTIFICATE OF SERVICE

I certify on February 29, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify the foregoing document is being served this day on all counsel of record either via transmission of Notices of Electronic Filing generated by CM/ECF or in another authorized manner for those counsel or parties not authorized to receive electronically Notices of Electronic Filing.

By:   *S/ Benedict P. Kuehne*
       **BENEDICT P. KUEHNE**