UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 23-24251-CIV-MORENO

WILLIAM O. FULLER, MARTIN PINILLA,
II, THE BARLINGTON GROUP, LLC,
CALLE OCHO MARKETPLACE, LLC, YO
AMO CALLE SIETE, LLC, LITTLE
HAVANA ARTS BUILDING, LLC, LITTLE
HAVANA ARTS BUILDING TOO, LLC,
TOWER HOTEL, LLC, BRICKELL
STATION, LLC, PIEDRA VILLAS, LLC,
FUTURAMA, LCC, EL SHOPPING, LLC,
BEATSTIK, LLC, VIERNES
CULTURALES/CULTURAL FRIDAYS, INC.,
LITTLE HAVANA BUNGALOWS, LLC, and
LHAB TRES, LLC,

        Plaintiffs,

vs.

THE CITY OF MIAMI, JOE CAROLLO, in
his individual capacity, ARTHUR NORIEGA,
in his individual capacity, VICTORIA
MENDEZ, in her individual capacity,
RACHEL DOOLEY, in her individual
capacity, ASAEL MARRERO, in his
individual capacity, DANIEL S. GOLDBERG,
in his individual capacity, WILLIAM ORTIZ,
in his individual capacity, LUIS TORRES, in
his individual capacity, ADRIAN
PLASENCIA, in his individual capacity,
RENE DIAZ, in his individual capacity,
IVONNE BAYONA, in her individual
capacity, and JOHN DOES 1-20,

        Defendants.
_____/

## ORDER DISMISSING PLAINTIFFS'[1] FIRST AMENDED COMPLAINT

---

[1] The Plaintiffs repeatedly misspelled the word "Plainitff" or "Plainitiff" throughout the Complaint. As judges and lawyers we all have made typographical errors in our pleadings. But the repeated mistakes by the Plaintiffs' counsel is a reflection of the sloppy presentation of the Plaintiffs' counsels alleging violations of Constitutional rights.

On February 2, 2024 the Court at a hearing dismissed the complaint by numerous Plaintiffs against numerous Defendants with leave to refile with the specific instructions to delineate separately count by count each claim by each individual Plaintiff against each individual Defendant. Counsel for Plaintiffs have totally ignored those instructions by the Court. Instead of complying with Fed. R. Civ. P 8(a), which requires a short and plain statement of the claim, the attorneys have filed a 124-page complaint with 17 counts grouping most if not all Defendants. The complaint has 671 numbered paragraphs that appeared to be intended for the media rather than for disposition in a court of law.

The Court for the second time dismisses the entire complaint requiring separate counts against each individual Defendant by each individual Plaintiff stating what civil right they violated and specifying each Defendant's actions. Simply put, counsel for Plaintiffs have ignored then Chief Judge Carnes directions in *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1322-23 (11th Cir. 2015).

> Though the groupings cannot be too finely drawn, we have identified four rough types or categories of shotgun pleadings. The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

In *Anderson v. Dist. Bd. of Trs. of Central Florida Community College*, 77 F.3d 364, 366-67 (11th Cir. 1996), the court, concerned about the ramifications of cases proceeding on the basis of "shotgun" pleadings, noted:

> Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice.

*See also Magluta v. Samples*, 256 F.3d 1282 (11th Cir. 2001); *Cesnik v. Edgewood Baptist Church*, 88 F.3d 902, 905 (11th Cir. 1996); *L.S.T., Inc. v. Crow*, 49 F.3d 679, 684 (11th Cir. 1996). This problem is especially prevalent in actions where myriad factual allegations and legal theories are often consolidated into a single count, or into one set of "general allegations," which, in turn, is incorporated by reference wholesale into every count of the complaint. Such "shotgun" pleading imperils fundamental principles of due process.

The Eleventh Circuit has expressed increased frustration with district courts that let the case proceed despite such shotgun pleadings. *See Byrne v. Nezhat*, 261 F.3d 1075, 1130 (11th Cir. 2001). The *Byrne* court sought to avoid having district courts undergo the time-consuming process of "rearranging the pleadings and discerning whether the plaintiff has stated a claim, or claims, for relief, and whether the defendant's affirmative defenses are legally sufficient." *Id.* at 1129. The *Byrne* panel also counseled, "[s]hotgun pleadings, if tolerated, harm the court by impeding its ability to administer justice. The time a court spends managing litigation framed by shotgun pleadings should be devoted to other cases waiting to be heard." *Id.* at 1131.

The Court recognizes that the Defendants have raised numerous legal objections to the amended complaint that go beyond "improper lumping" of Defendants and claims and lack of specificity. Those issues are indeed important but cannot be ruled upon until a proper complaint is filed. The Court dismisses the entire complaint without prejudice to refile with the requirement that each Plaintiff separate his or its own claims against each Defendant separately in a separate count. There will be no incorporation by reference language in the new complaint. There will be no photographs in the new complaint. There will be no "argumentative language" (e.g., "cabals," "corruption," "background information") in the new complaint. There will be no "grouping" of Defendants but only claims against each individual Defendant separately in each count. Simply put, Plaintiffs will have to file a separate count against each Defendant indicating the date of the alleged violation of that Plaintiff's constitutional rights under 42 U.S.C. § 1983. Failure to do so by the Plaintiffs will result in a dismissal of the count with prejudice.

In addition, the Court requires that Arabic numbers (e.g., 1, 2, 3, 4...) be used rather than Roman numerals be used in order to avoid the confusion caused by the first amended complaint by alleging "Count VII" on page 92 after the claim on page 85 as "Count VIII" and "Count X" on page 98. The Court requires that the counsel who will sign the complaint will have actually proofread the entire complaint before signing it.

The Court recognizes that the new complaint will consist of many more counts than the first amended complaints 17 counts. But each count will be clearer as to the alleged wrongdoing by an individually named Defendant. The Plaintiffs have until Friday **April 19, 2024,** at noon to file their "Second Amended Complaint." No extensions shall be granted. Failure to file within that time limit will be grounds for dismissal as the Court will deem the claims abandoned.

The Court will "screen" the complaint for compliance with this Order before requiring the Defendants to file new motions to dismiss. Once the Court reviews the complaint, the Court on its own will dismiss the counts that violate this order by **April 30, 2024**.

The defendants shall file their motions to dismiss no later than **May 15, 2024**. The plaintiffs may respond no later than **May 22, 2024**. Then the Court will schedule Oral Argument in early June. In the meantime, the Court stays all discovery until **July 15, 2024**.

DONE AND ORDERED in Chambers at Miami, Florida, this __27th__ of March 2024.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record