UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 23-24251-CIV-MORENO**

WILLIAM O. FULLER,
MARTIN PINILLA, II,

        Plaintiffs,

vs.

JOE CAROLLO,

        Defendant.

_____/

## ORDER DENYING DEFENDANT CAROLLO'S MOTION TO DISMISS

THIS CAUSE came before the Court upon Defendant Joe Carollo's Motion to Dismiss with Prejudice Plaintiff's Second Amended Complaint (**D.E. 136**), filed on **May 15, 2024**. THE COURT has considered the motion, the response in opposition, the reply, and pertinent portions of the record. For the reasons set forth below, Defendants' Motion to Dismiss is **DENIED**.

Plaintiffs William Fuller and Martin Pinilla obtained a $63.5 million judgment pursuant to a jury verdict in a § 1983 Civil Rights case against Miami City Commissioner Joe Carollo. That case originally named the City of Miami as a defendant, but later dropped the City. The jury found that Defendant Carollo violated the Plaintiffs' First Amendment Speech rights by enforcing zoning and safety violations because the plaintiffs were supporting Carollo's political opponent in a city election. In this case, we will call it *Fuller II*, the same plaintiffs Fuller and Pinilla, along with 15 companies some of which are controlled by them, filed a complaint against Commissioner Carollo, the City, and nine of the city's employees under the §1983 Civil Rights Act. Carollo and the City

move to dismiss the Complaint alleging that the *Fuller II* case is barred by *res judicata* because Carollo already has a judgment against him for violating these same two plaintiffs' civil rights and because the City was originally in the *Fuller I*[1] case but dropped by the same plaintiffs before trial.

The Court recognizes the strong arguments favoring barring another trial for the same allegations tried by Judge Smith.  However, because these are allegations about actions allegedly committed by Commissioner Carollo subsequent to what was tried in *Fuller I*, the Court will deny the motion to dismiss at this time without prejudice to refile as a motion for summary judgment. After discovery indicating what violations are claimed on dates after the incidents tried before the jury in *Fuller I*.  At that juncture, the Court can conduct a proper *res judicata* analysis.

The Court therefore denies the motion to dismiss Count I requiring an answer to be filed by Carollo by **June 28, 2024**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this _____ of June 2024.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record

---

[1] *Fuller I* is Case No. 1:18-cv-24190-RS.