UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Case Number: 23-24251-CIV-MORENO

WILLIAM O. FULLER,
MARTIN PINILLA, II,
BARLINGTON GROUP, LLC,
CALLE OCHO MARKETPLACE, LLC,
YO AMO CALLE SIETE, LLC,
LITTLE HAVANA ARTS BUILDING, LLC,
LITTLE HAVANA ARTS BUILDING TOO, LLC,
TOWER HOTEL, LLC,
BRICKELL STATION PARTNERS, LLC,
PIEDRA VILLAS, LLC,
FUTURAMA, LLC,
EL SHOPPING, LLC,
BEATSTIK, LLC,
VIERNES CULTURALES/CULTURAL FRIDAYS, INC.,
LITTLE HAVANA BUNGALOWS, LLC,
LHAB TRES, LLC,
LA GRAN FIESTA, LLC,

        Plaintiffs,

vs.

YVONNE BAYONA,

        Defendant.
_____/

## ORDER GRANTING DEFENDANT BAYONA'S MOTION TO DISMISS

Plaintiffs are numerous business owners who allege that Defendant Yvonne Bayona, as a member of the City of Miami Code Enforcement Board, violated the Plaintiffs' civil rights by unlawfully enforcing the City's code at the request of City Commissioner Carollo for political retaliation. Specifically, Board member Bayona sought to instruct other Board members to vote

1

against Carollo's political enemies, and when it came time to vote, Bayona voted against Plaintiffs to impose a fine "in excess of $400,000 for a property that was worth half that amount."

Defendant Bayona argues that dismissal is required because: (1) her conduct was in her official capacity and such lawsuit is a lawsuit against the City of Miami under Florida law; (2) she is entitled to absolute quasi-judicial immunity for her conduct during a Code Enforcement Board hearing; and (3) that she is entitled to qualified immunity because the allegations in the Second Amended Complaint failed to show that she violated a protected constitutional right. The Court *agrees* and accordingly dismisses counts 15, 52, 68, 79, 110, 119, 130, and 142.

## LEGAL STANDARD: RULE 12(b)(6) MOTION TO DISMISS

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court considers only the four corners of the complaint. A court must accept as true the facts as set forth in the complaint.

"To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions," instead plaintiffs must "allege some specific factual basis for those conclusions or face dismissal of their claims." *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1263 (11th Cir. 2004). When ruling on a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and accept the plaintiffs well-pleaded facts as true. *See St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 953 (11th Cir. 1986). This tenet, however, does not apply to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). Moreover, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 1950. Those "[f]actual allegations must be

enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). In short, the complaint must not merely allege misconduct, but must demonstrate that the pleader is entitled to relief. *See Iqbal*, 129 S. Ct. at 1950.

## LEGAL ANALYSIS

As an initial matter, Defendant Bayona notes for the Court that "[a] suit against a defendant in [her] official capacity is, in actuality, a suit against the government entity which employs [her]." *Hazleton v. City of Orlando*, No. 6:10-cv-342-Orl-35-DAB, 2010 U.S. Dist. LEXIS 157243 (M.D. Fla. June 10, 2010) (citing *Stephens v. Geoghegan*, 702 So. 2d 517, 527 (Fla. 2d DCA 1997)). Here, Plaintiffs have brought suit against Defendant Bayona in her individual capacity. However, allegations in the Second Amended Complaint show that Defendant was acting in her official capacity as a member of the Code Enforcement Board. Plaintiffs do not address this argument in the response in opposition. While the Court could stop here, for purposes of completeness, the Court will also address the arguments on absolute quasi-judicial immunity.

1. <u>Absolute Quasi-Judicial Immunity</u>

Defendant Bayona argues that she is entitled to absolute quasi-judicial immunity. "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'" *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005) (quoting *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000)). The "touchstone" for the doctrine's applicability has been "performance of the function

3

of resolving disputes between parties, or of authoritatively adjudicating private rights." *Burns v. Reed*, 500 U.S. 478, 500 (SCALIA, J., concurring in judgment in part and dissenting in part). Defendant Bayona is not a judge. However, the Eleventh Circuit has held that judicial immunity also encompasses non-judicial officials—persons whose "official duties have an integral relationship with the judicial process." *Roland v. Phillips*, 19 F.3d 552, 555 (11th Cir. 1994). Like judges, these officials must be acting within the scope of their authority. *See Property Management & Invs., Inc. v. Lewis*, 752 F.2d 599, 603 (11th Cir.1985) (corporate receiver protected by judicial immunity in executing orders of appointing judge because complaint did not allege that he acted outside his authority). In determining absolute quasi-judicial immunity of a nonjudicial official, the Eleventh Circuit looks to a functional analysis of the action taken by the official in relation to the judicial process. *See Roland*, 19 F.3d at 555. At the heart of functional analysis is the exercise of discretionary judgment. *See Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 436 (1993).

During the relevant times, Defendant Bayona was a member of the City of Miami Code Enforcement Board. Defendant argues that the Eleventh Circuit has recognized that Code Enforcement Board proceedings under local and state law in Florida involved the exercise of discretionary judgment like members of a judiciary. The Court agrees. In *Lindbloom v. Manatee County*, 808 Fed. Appx. 745, 751 (11th Cir. 2020), the panel noted that "[t]he special magistrate [or Code Enforcement Board] must issue findings of fact, conclusions of law, and an order affording the proper relief." The Code Enforcement Board here provides violators with the same rights outlined by the *Lindbloom* panel and Florida's Local Government Code Enforcement Boards Act. The Board is empowered to adjudicate code violations for the Department of Code Compliance. Further, the Board hears cases as a public hearing, and all testimony is under oath

4

and recorded by video or audio recording device. At the conclusion of the hearing, the Board exercises discretionary judgment to decide on the matter before the Board. It is clear to the Court that absolute quasi-judicial immunity exists for Defendant Bayona, a member of the Code Enforcement Board.

For absolute judicial (or quasi-judicial) immunity to apply, the following factors must exist: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity. *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005) (citing *Scott v. Hayes*, 719 F.2d 1562, 1565 (11th Cir. 1983)). "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000).

Here, Defendant Bayona's actions fit squarely within absolute quasi-judicial immunity. While the allegations of Bayona urging other board members to vote against "Carollo's enemy" may be inappropriate, the acts complained of happened within Bayona's normal judicial function. Further, the act of voting is clearly within the discretion of the Board. Second, the events occurred within "open court."[1] Lastly, the controversy involved judgment by the Board, and the confrontation arose immediately out of a visit in front of the Code Enforcement Board. Plaintiffs are entirely silent on issue of absolute quasi-judicial immunity, as they do not mention it once in their response in opposition. Instead of substantively responding to the arguments in the Motion to Dismiss, Plaintiffs write that "[e]ven if any of Bayona's individual acts are subject to any form of immunity, she fails to recognize the instrumental role that she played as a member of the Code

---

[1] Another relevant event was the Board's unanimous vote to reduce the code violation fines by 90%. Plaintiffs are silent on this front.

5

Enforcement Board." Plaintiffs miss the point. Recognizing the "instrumentality" of a Code Enforcement Board member's role is irrelevant to whether the events happened in open court or chambers, or whether there was an exercise of discretionary judgment.

Accordingly, the Court need not reach the third argument of whether Defendant Bayona is also entitled to qualified immunity. Counts 15, 52, 68, 79, 110, 119, 130, and 142 against Defendant Bayona are dismissed.

## CONCLUSION

**DONE AND ORDERED** in Chambers at Miami, Florida, this 5th of ~~August~~ September 2024.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record