UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 23-24251-CIV-MORENO

WILLIAM O. FULLER, et al.,

        Plaintiffs,

vs.

THE CITY OF MIAMI, et al.,

        Defendants.
_____/

**ORDER DENYING PLAINTIFFS' CORRECTED MOTION FOR RECONSIDERATION OR, ALTERNATIVELY, FOR ENTRY OF FINAL JUDGMENT UNDER RULE 54(B)**

THIS CAUSE came before the Court upon Plaintiffs' Corrected Motion for Reconsideration or, Alternatively, for Entry of Final Judgment Under Rule 54(b) **(D.E. 202)**. Plaintiffs ask this Court to reconsider its prior orders, striking *sua sponte* paragraphs 1–165 of the Second Amended Complaint **(D.E. 184)** and granting Defendant Asael Marrero's motion to dismiss on qualified immunity grounds **(D.E. 199)**. In the event the Court is unwilling to reconsider its orders, Plaintiffs move in the alternative for entry of final judgment pursuant to Federal Rule of Civil Procedure 54(b) as to Defendant Marrero's dismissal from this case.

Reconsideration is a steep hill to climb. *See Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002) ("[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly."). Whether to grant or deny a motion for reconsideration is committed to the district court's sound discretion. *See Corley v. Long-Lewis, Inc.*, 965 F.3d 1222, 1234 (11th Cir. 2020) (citation omitted) (explaining that decisions on motions for reconsideration are reviewed for abuse of discretion). Indeed, district courts have "broad

discretion" to reconsider their prior rulings if a party presents sufficient grounds for doing so. *See United States ex rel. Olhausen v. Arriva Med., LLC*, 511 F. Supp. 3d 1278, 1281 (S.D. Fla. 2021). A recognized justification for granting reconsideration, Plaintiffs seek to "prevent a manifest injustice." *See Instituto de Prevision Militar v. Lehman Bros., Inc.*, 485 F. Supp. 2d 1340, 1343 (S.D. Fla. 2007) (citation omitted). But reconsideration is not designed to relitigate old matters or "to ask the Court to rethink what the Court . . . already thought through—rightly or wrongly." *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (citations omitted).

## I.     *The Order Dismissing All Claims Against Defendant Asael Marrero*

Plaintiffs make several points in their motion for why the Court should reconsider its order dismissing all claims against Marrero. At their core, each amounts to a disagreement with the Court's analysis and ultimate conclusion that Marrero did not violate a clearly established constitutional right. Plaintiffs aver that because the United States Court of Appeals for the Eleventh Circuit affirmed another district court's decision not to extend qualified immunity to Defendant Joe Carollo in view of the allegations in *that case*, this somehow has a dispositive effect on *Marrero*'s qualified immunity for his alleged actions in *this case*. The Court already explained why this cannot be. Plaintiffs encourage the Court to reexamine *Bennett v. Hendrix*, 423 F.3d 1247 (11th Cir. 2005) and *Bailey v. Wheeler*, 843 F.3d 473 (11th Cir. 2016), but the Court already justified its treatment of those cases, distinguishing them in several respects. Plaintiffs also reiterate that *Espanola Way Corp. v. Meyerson*, 690 F.2d 827 (11th Cir. 1982)—a case in which the plaintiff sued the *city commissioners*, rather than those the commissioners enlisted to inspect and enforce building and fire codes at the plaintiff's hotel—supports their cause. *See id.* at 828. Contrary to how Plaintiffs characterize *Espanola Way*, the Eleventh Circuit there did nothing more than decide that resolving qualified immunity on summary judgment would be inappropriate for

2

reasons including that the defendants did not properly raise the defense, the factual record was insufficiently developed at that stage, and the commissioner defendants' alleged conduct fell outside the scope of their discretionary authority. *See id.* at 830. Lastly, this Court did construe Plaintiffs' Third Complaint in the light most favorable to them. Plaintiffs simply disagree with the result. In the end, nothing in Plaintiffs' motion demands that the Court depart from its order dismissing Marrero from this case.

## II.     *The Order Striking Paragraphs 1–165 of Plaintiffs' Third Complaint*

Plaintiffs claim that the Court "inexplicably struck" the first 165 paragraphs of the Third Complaint. But the Court made its reasons clear in its order. Plaintiffs repeatedly disobeyed the Court's instructions to dispense with theatrical, argumentative pleading and produce a complaint that complies with Federal Rule of Civil Procedure 8(a), puts Defendants on notice of the claims (and underlying factual allegations) levied against them, and assists the Court with analyzing the potential *res judicata* effect of *Fuller, et al. v. Carollo, et al.*, No. 18-24190-CIV (S.D. Fla.) and *The Mad Room LLC et al v. The City of Miami*, No. 21-23485-CIV (S.D. Fla.). This is precisely why the Court issued its *sua sponte* order. As such, no manifest injustice needs correcting and reconsideration of this order is inappropriate.

The Court also declines Plaintiffs' request to enter partial final judgment pursuant to Federal Rule of Civil Procedure 54(b) as to Marrero's dismissal. This is not an "unusual case" that warrants such relief. *See Peden v. Stephens*, 50 F.4th 972, 978 (11th Cir. 2022) (quoting *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 166 (11th Cir. 1997)).

For the reasons stated above, it is

**ADJUDGED** that Plaintiffs' Corrected Motion for Reconsideration or, Alternatively, for Entry of Final Judgment Under Rule 54(b) **(D.E. 202)** is **DENIED**.

3

DONE AND ORDERED in Chambers at Miami, Florida, this 19th of March 2025.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record