UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 23-24251-CIV-MORENO

WILLIAM O. FULLER, et al.,

    Plaintiffs,

vs.

THE CITY OF MIAMI, et al.,

    Defendants.
_____/

## ORDER DENYING DEFENDANT ASAEL MARRERO'S VERIFIED MOTION FOR ATTORNEY'S FEES

THIS CAUSE came before the Court upon Defendant Asael Marrero's Verified Motion for Attorney's Fees (**D.E. 219**).

THE COURT has considered the motion, the opposition, the reply, all other pertinent portions of the record, and is otherwise fully advised in the premises.

Congress has provided district courts with discretion to award attorney's fees and costs to prevailing parties in § 1983 actions. *See* 42 U.S.C. § 1988(b). Plaintiffs sued Defendant Asael Marrero, the former Building Director for the City of Miami, under § 1983 for First Amendment retaliation. Specifically, Plaintiffs alleged that Marrero unlawfully participated in Defendant Joe Carollo's retaliation scheme aimed at punishing Plaintiffs for supporting Carollo's political opponent. After the Court entered its order dismissing all claims against Marrero on September 12, 2024 (*see* D.E. 199), Marrero filed the instant motion on November 6, 2024. Marrero claims that, as the prevailing party, he is entitled to reimbursement of attorney's fees that he incurred

defending this action. Plaintiffs disagree, and as an initial matter they argue that Marrero's motion is premature and should be denied (or deferred) on that basis.

The Court deems Marrero's motion timely filed but declines to exercise its discretion to award him the attorney's fees he seeks.

I.  **Marrero's Motion for Attorney's Fees Is Timely**

Plaintiffs argue that Marrero's motion should be denied or, at the very least, deferred until the case is entirely concluded because (1) the Court did not enter partial final judgment in Marrero's favor; and (2) claims against other Defendants remain pending. Plaintiffs cite two cases from this District to support this argument—both are distinguishable. *Brooklands, Inc. v. Sweeney* deferred ruling on the defendants' entitlement to attorney's fees until final judgment was entered on all claims. *See* No. 14-81298-CIV, 2015 WL 4983680, at *4 (S.D. Fla. Aug. 21, 2015). However, *Brooklands* did not concern a motion for attorney's fees. Instead, the defendants counterclaimed for attorney's fees and pled a set-off for attorney's fees as an affirmative defense. *See id.* at *1. Moreover, the *Brooklands* defendants had not then obtained dismissal of all claims against them like Marrero has here. *See id.* at *4. In *Vignoli v. Clifton Apartments, Inc.*, the court entered an order dismissing claims against one defendant after the plaintiffs moved to withdraw them. *See* 2014 WL 12498216, at *1 (S.D. Fla. May 16, 2014). More claims remained against the other two defendants, but all three joined in the motion for attorney's fees. *See id.* at *1–*2. The Court deferred ruling on the motion because "[r]esolution of these remaining claims may result in an additional award of attorney's fees and costs (to any party)." *Id.* at *2. That is nothing like the case here. Adjudication of the remaining claims against Defendants Joe Carollo, Victoria Mendez, Arthur Noriega, and the City of Miami will not impact Marrero's entitlement to fees.

2

The Local Rules of this Court require that motions for attorney's fees and costs "be filed and served within sixty (60) days of the entry of the final judgment or order giving rise to the claim." L.R. 7.3(a)(1). The Rule means what it says—*either* a final judgment *or* an "order giving rise to a claim" will start the 60-day clock. *See Lira v. Essentia Ins. Co.*, 861 F. App'x 374, 377 (11th Cir. 2021) ("The use of the disjunctive 'or' indicates that the terms 'final judgment' and 'order giving rise to the claim' have separate meanings and that either is sufficient to trigger the Local Rule's 60-day deadline."). Therefore, to the extent Plaintiffs suggest that a judgment is required, they are incorrect. Whether the order dismissing all claims against Marrero is an "order giving rise to the claim" for attorney's fees turns on whether that order renders Marrero the "prevailing party" in this case. *See* 42 U.S.C. § 1988(b); *see also Beach Blitz Co. v. City of Miami Beach, Fla.*, 13 F.4th 1289, 1298–99 (11th Cir. 2021) (a defendant is the prevailing party if the court's order "rebuffed [the plaintiff's] efforts to effect a material alteration in the legal relationship between the parties[,] . . . [or,] [p]ut another way, . . . the case was resolved in the defendant's favor." (citations omitted; citation modified)). It is beyond any reasonable dispute that Marrero is the "prevailing party" here. And because Marrero filed and served his motion for attorney's fees within sixty days of the Court's order, his motion is timely.

II. **Plaintiffs' Claims Against Marrero Were Not Frivolous**

A court may award attorney's fees to a defendant in a § 1983 civil rights action only if the court "finds that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Hughes v. Rowe*, 449 U.S. 5, 14 (1980) (per curiam) (citation modified) (quoting *Christiansburg Garment Co. v. Equal Emp. Opportunity Comm'n*, 434 U.S. 412, 421 (1978)). This inquiry does not rest on "whether the claim was ultimately successful." *Sullivan v. Sch. Bd. of Pinellas Cnty.*, 773 F.2d 1182, 1189 (11th Cir.

3

1985) (quoting *Jones v. Texas Tech University*, 656 F.2d 1137, 1145 (5th Cir. 1981)). Rather, "[t]he plaintiff's action must be meritless in the sense that it is groundless or without foundation." *Hughes*, 449 U.S. at 14.

To determine frivolity, the Eleventh Circuit has identified four "important" factors[1]: "(1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; (3) whether the trial court dismissed the case prior to trial; and (4) whether there was enough support for the claim to warrant close attention by the court." *McDonough v. City of Homestead, Fla.*, No. 23-13578, 2024 WL 4579663, at *2 (11th Cir. Oct. 25, 2024) (citation modified) (quoting *Sullivan*, 773 F.2d at 1189 and *Beach Blitz*, 13 F.4th at 1302). While these factors serve as "general guidelines," they are "not hard and fast rules." *Sullivan*, 773 F.2d at 1189.

The Court begins with the first factor. Whether a plaintiff has established a prima facie case usually reduces to whether he has produced "enough evidence to raise an issue for the trier of fact." *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 527 (1993) (Souter, J., dissenting). Marrero argues that because the Court dismissed the Plaintiffs' claims against him on qualified immunity grounds, Plaintiffs failed to establish a prima facie case of First Amendment retaliation. However, the latter does not follow from the former. *See Taylor-Williams v. Rembert*, No. 8:16-CV-00087, 2017 WL 637690, at *5 (M.D. Fla. Feb. 16, 2017). After all, qualified immunity will still bar a plaintiff's suit even where he establishes a prima facie case. *See, e.g., Rioux v. City of Atlanta, Ga.*, 520 F.3d 1269, 1271 (11th Cir. 2008). This point, though, is purely academic because at the motion-to-dismiss stage, Plaintiffs were never required to produce any evidence. Marrero's dismissal ended his involvement in the case before it ever reached discovery. As such, the first factor is neutral.

---

[1] As Marrero points out, Plaintiffs do not address any of these factors in their opposition.

As to the second factor, Marrero maintains that he did not offer to settle. Plaintiffs do not dispute this. As such, this factor weighs in favor of a frivolity finding.

The third factor also weighs in favor of finding frivolity. Plaintiffs' claims did not survive Marrero's motion to dismiss.

The fourth factor, which the Eleventh Circuit has identified as "particularly important," weighs against a frivolity finding. *See Beach Blitz*, 13 F.4th at 1302. Marrero argues that Plaintiffs' failure to overcome qualified immunity necessarily means that the Court's close attention to Plaintiffs' claims was not required. Specifically, Marrero avers that there is "nothing novel about having to overcome qualified immunity in a § 1983 action, and the allegations necessary to do so are clearly set forth in established binding precedent."

While it is true that the Court held that Plaintiffs did not establish that Marrero violated a clearly established constitutional right, it first held that Plaintiffs plausibly alleged a claim of First Amendment retaliation. The Court thoughtfully analyzed the parties' arguments and the key Eleventh Circuit cases they presented, alongside Plaintiffs' allegations of Marrero's conduct. Though the Court ultimately disagreed with Plaintiffs' interpretation of the cases, the Court cannot conclude that Plaintiffs' claims against Marrero were frivolous, unreasonable, or without foundation. The United States Supreme Court expressly forbids this kind of "hindsight logic." *See Christiansburg*, 434 U.S. at 422 ("[I]t is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation.").

### III.    Conclusion

In sum, Marrero has not met the standard required for an award of attorney's fees in this case. The Court does not conclude that Plaintiffs' case against Marrero was so lacking in merit at the outset that even filing the lawsuit entitles Marrero to attorney's fees.

Accordingly, it is

**ADJUDGED** that Defendant Asael Marrero's Verified Motion for Attorney's Fees **(D.E. 219)** is **DENIED**.

DONE AND ORDERED in Chambers at Miami, Florida, this 9th of July 2025.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record