UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 1:23-cv-24251-RAR

WILLIAM O. FULLER, et al.,

    Plaintiffs,

v.

THE CITY OF MIAMI, et al.,

    Defendants.
_____/

## MOTION TO UNBIFURCATE AND CONSOLIDATE
## TRIAL ON LIABILITY AND DAMAGES

Based upon the City of Miami's recent public admission of liability for its past policies of weaponizing code and law enforcement for political retaliation, as well as to the extensive damages that the City's unconstitutional conduct caused to the Plaintiffs, Plaintiffs respectfully request that this Court vacate its prior order from December 4, 2026 bifurcating damages and instead set a new trial date for both liability (which has now been admitted) and damages as soon as the Court's calendar will allow.

## THE CITY HAS ADMITTED LIABILITY

The Mayor of the City of Miami, Mayor Eileen Higgins, has admitted that the City's government itself was weaponized against its constituents and that it was publicly visible. At the January 22, 2026 Commission Meeting, Mayor Higgins noted that she and the other newly elected commissioner, along with the voters, "were **rejecting a Miami that weaponized its government against small businesses**," which she had personally witnessed "for eight years when [she] was county commission." Referring to Plaintiffs in this action, she noted: "**I had to witness small businesses being accused falsely of all kinds of things. Inspected in the middle of the night.**

**Their reputations ruined. Their businesses shuttered. Their lives ruined. Their livelihoods ruined. And their employees put out of business**."[1] What the Mayor personally witnessed and admitted to only reinforces Judge Smith's findings that a City Commissioner had "used his position and power to weaponize the City government against Plaintiffs" and "specifically targeted Plaintiffs' financial vulnerabilities by attempting to shut down their, or their tenants', businesses." *Fuller v. Carollo*, No. 18-24190-CIV, 2024 WL 3838519, at *4-5 (S.D. Fla. Feb. 21, 2024).

Of course, a judicial admission is a statement by a party that removes a factual issue from dispute in a litigation and binds both parties on trial and appeal. *See Cooper v. Meridian Yachts, Ltd.,* 575 F.3d 1151, 1178 (11th Cir. 2009) ("[F]acts judicially admitted are facts established not only beyond the need of evidence to prove them, but beyond the power of evidence to controvert them."). To be binding, a judicial admission must be "unequivocal" and "unambiguous." *Crowe v. Coleman,* 113 F.3d 1536, 1542 (11th Cir. 1997). Moreover, such admissions require summary judgment be entered against the defendant. *See, e.g., Negron v. Auto Club Group, Inc*., No. 16-CV-14156, 2016 WL 11686455, at *7 (S.D. Fla. Dec. 21, 2016) ("[T]he Court could find that AAA is entitled to summary judgment on the basis of Negron's admission alone").

The Court also must consider the Mayor's pronunciation as a judicial admission because it was made by a party opponent and cannot be considered hearsay. Fed. R. Evid. 801(d)(2); *Johnson v. Spalding Cnty., Georgia*, No. 24-13531, 2025 WL 1902434, at *2 (11th Cir. July 10, 2025) ("Because Humphrey made the statements … as an employee of the County, Humphrey's statements qualify as statements by a party opponent and are, therefore, excluded from hearsay."); *Metro. Dade Cnty. v. Yearby*, 580 So. 2d 186, 188 (Fla. 3d DCA 1991); *Lee v. Dept. of Health and*

---

[1] Exh. A, Excerpt of Unofficial Transcript of Commission Meeting, and for the video SEE CITY OF MIAMI GOV, *Commission Meeting – January 22, 2026* at 1:18:40 (YouTube, Jan. 22, 2026), https://www.youtube.com/watch?v=rcxH6A5M97E&t=150s.

*Rehab. Services*, 698 So. 2d 1194, 1200 (Fla. 1997). And one assumes the City will admit the video posted on its own website is authentic and subject to judicial notice as a public record. Fed. R. Evid. 902; Fed. R. Evid. 201(b)—(c); *Nelson v. MillerCoors, LLC*, 246 F. Supp. 3d 666, 673 (E.D.N.Y. 2017) ("Matters suitable for judicial notice include matters of public record, materials— such as product labels and packaging—referenced numerous times in the complaint, and news articles."); *Jones v. UPS Ground Freight*, 683 F.3d 1283, 1293–94 (11th Cir. 2012) ("[A] district court may consider a hearsay statement in passing on a motion for summary judgment if the statement could be reduced to admissible evidence at trial or reduced to admissible form.") (quoting *Macuba v. Deboer*, 193 F.3d 1316, 1323 (11th Cir. 1999)).

## **FACT ISSUES REQUIRE TRIAL BY JURY**

In addition to Mayor Higgins' admission of liability, Plaintiffs have submitted the sworn testimony of numerous senior officials of the City of Miami attesting to the City's unconstitutional custom and policy of political retaliation, including former Chiefs of Police Art Acevedo and Jorge Colina, the former Chief of Staff of Commissioner Carollo Jose Suarez, the former aid to Commissioner Carollo Steven Miro, and a former City of Miami Building Department Senior Inspector Andre Perez.[2] To the extent the City seeks to contest liability despite Mayor Higgins' recent admissions, this Court should set trial on both liability and damages rather than allow the City's outside counsel to further delay resolution of this case through weeks or months of summary judgment briefing and argument, which will continue to drain City and party resources on legal fees.

---

[2] Plaintiffs are also seeking to obtain an affidavit from Ms. Plasencia but have been informed by her counsel that she is 39 weeks pregnant and is not available for a few weeks. However, Plaintiffs will seek to procure that affidavit as soon as possible given the circumstances. At trial, Plaintiffs will produce testimony from other high ranking government employees on these issues.

3

Dated: February 11, 2026

        Respectfully submitted,

        **AXS LAW GROUP, PLLC**
        2121 NW 2nd Ave, Suite 201
        Wynwood, Florida 33127
        Telephone: (305) 297-1878

        By: */s/ Jeffrey Gutchess*
        Jeffrey W. Gutchess Esq.
        Florida Bar No. 702641
        jeff@axslawgroup.com
        eservice@axslawgroup.com
        Jack S. Flagg
        Florida Bar No. 1053709
        jack@axslawgroup.com

        *Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 11, 2026, a true and correct copy of the foregoing was served on all counsel of record via the CM/ECF system.

        */s/ Jeffrey W. Gutchess*
        Jeffrey W. Gutchess